CONCURRING AND DISSENTING OPINION BY LEONARD, J.
I concur with the majority's conclusion that the Family Court of the Fifth Circuit (Family Court ) erred in its December 14, 2015 Findings of Fact; Conclusions of Law; Decision and Order Regarding Restitution Hearing (Restitution Order ). However, I respectfully dissent from the majority's determination that the juvenile restitution statute, Hawai'i Revised Statutes (HRS ) § 571-48(11) (2006), precludes the Family Court from imposing a combination of restitution and community service.
HRS § 571-48(11) provides that the Family Court "may order any person adjudicated pursuant to section 571-11(1) to make restitution of money or services to any victim who suffers loss as a result of the child's action, or to render community service[.]"[1] The majority's reading of the statute is a fair, literal interpretation of the use of the word "or," but in my opinion is inconsistent with and undermines the intent of the Legislature when it amended the statute to provide the family courts more options in dealing with juvenile law violators. I also note that, recognizing that the words "and" and "or" are particularly susceptible to unintended interpretations, Hawai'i has codified the following rule of statutory interpretation:
§ 1-18 "Or", "and". Each of the terms "or" and "and", has the meaning of the other or of both.
HRS § 1-18 (2009).
HRS § 571-48(11) was amended as part of a broad reformation of Hawai'i's juvenile justice in 1980. See generally S. Stand. Comm. Rep. No, 440-80, in 1980 Senate Journal, at 1203-16. The Senate Standing Committee Report explains the purpose of the amendment to HRS § 571-48 as follows:
Your Committee has amended section 571-48, Hawai'i Revised Statutes, to increase the range of dispositions available to family court with respect to adjudicated minors. Section 571-48(11)authorizes the court to order a law violator to make restitution to the victim of the minor's offense and to render community service. Until very recently, victims have been the forgotten people in the criminal justice system. We believe that requiring a minor to make restitution of money or services to the victim of the offense can be of great benefit to both the victim and the offender. Restitution humanizes the criminal justice process by focusing attention and concern on the particular harm done. Appropriately designed and supervised community service can help a troubled youngster appreciate the cooperation required to make society work for our common benefit and can provide a positive learning experience. Your Committee has accordingly authorized the court to order community service for both law violators and status offenders.
Id. at 1209 (emphasis added).
The over-arching purpose of this amendment was to provide a broader range of dispositions to the family courts. Interestingly, although the statute says restitution "or" community service, the rationale for the statute specifically says that it authorizes restitution "and" community service. While this language is not dispositive, it aptly demonstrates the interchangeability of the words and why we should not rest our analysis on the literal interpretation of the word "or" in this instance. Clearly, the Legislature saw great value in the availability of both restitution and community service in addressing juvenile law violations.
As this court recently observed in In re CM, No. CAAP-15-0000411, 2017 WL 4325895, *9 (Haw. App. Sept. 29, 2017) (op.):
HRS § 571-1 provides that, pursuant to chapter 571, the family courts are established "for a policy and purpose of said courts to promote the reconciliation of distressed juveniles with their families, foster the rehabilitation of juveniles in difficulty, render appropriate punishment to offenders, and reduce juvenile delinquency." The mandate of the family courts includes that "all children found responsible for offenses shall receive dispositions that provide incentive for reform or deterrence from further misconduct, or both." HRS § 571-1.
As discussed in In re CM, even when restitution is ordered, unlike the adult restitution statute, the juvenile restitution statute does not require reimbursement of the "full amount" of the victim's loss and does not prohibit, for example, the consideration of the juvenile law violator's ability to pay full restitution or the impact of the restitution on the juvenile's family. Id. at *8-*9.
It light of the above, I conclude that HRS § 571-48(11) should be interpreted to give the Family Court the discretion to order both restitution and community service, under the appropriate circumstances.
I further conclude that, in this case, the Family Court erred in relying strictly on State v. Tuialii, 121 Hawai'i 135, 214 P.3d 1125 (App. 2009), for the proposition that JE must make restitution in the full amount of his victim's losses. See In re CM, 2017 WL 4325895, at *6-*9. Therefore, I would vacate the Restitution Order and remand the case for further consideration of the appropriate disposition in light of this court's Opinion in In re CM.

HRS § 571-11(1) grants the family courts exclusive jurisdiction over proceedings "[c]oncerning any person who is alleged to have committed an act prior to achieving eighteen years of age which would constitute a violation or attempted violation of any federal, state, or local law or municipal ordinance."